IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CINDA WINNEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO.  7-05-CV-074-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cinda Winney seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*. For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled as a result of back and neck injuries sustained in an automobile accident on September 20, 2001. After her applications for disability and SSI benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on May 10, 2004.  At the time of the hearing, plaintiff was 32 years old.  She has a high school education with one year of secretarial school training. Her past work experience includes jobs as a telephone receptionist, fast food worker, waitress, ticket attendant, counter attendant, cleaner, concession worker, cashier, and a variety of clerk positions. Plaintiff has not engaged in substantial gainful activity since January 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from lumbar disc disease, a reversal of normal cervical lordosis, obesity, and endometriosis that significantly limited her ability to do basic work activities, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform light work, limited only by certain postural restrictions, and could perform her past relevant work. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In her sole ground for relief, plaintiff contends that the assessment of her residual functional capacity is not supported by substantial evidence and is inconsistent with applicable legal standards.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant

is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision.  The court weighs four elements to determine whether there is substantial evidence of disability:  (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).  The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits.  *Ripley*, 67 F.3d at 557.  If the ALJ does not satisfy this duty, the resulting decision is not substantially justified.  *Id.*  However, procedural perfection is not required.  The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced.  *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ improperly rejected the opinions of her treating physicians in determining that she has the residual functional capacity to perform her past relevant work.  The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993).  Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972."  SSR 96-2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996).  *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).  These factors require consideration of:

    1.    the physician's length of treatment of the claimant;

    2.    the physician's frequency of examination;

    3.    the nature and extent of the treatment relationship;

    4.    the support of the physician's opinion afforded by the medical evidence of record;

    5.    the consistency of the opinion with the record as a whole; and

    6.    the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

The record shows that plaintiff was treated by Dr. Danny Bartel, a neurologist, and Dr. Sanjoy Sundaresan, a neurosurgeon, for neck and back problems related to her automobile accident. In a residual functional capacity questionnaire dated December 9, 2002, Dr. Bartel noted that severe neck and back pain significantly limited or precluded plaintiff from: (1) maintaining the attention and concentration needed to perform even simple work tasks; (2) sitting for more than 30 minutes or standing for more than 15 minutes at a time; (3) walking without a cane; (3) lifting less than 10 pounds; (4) looking down or holding her head in a static position; (5) performing any reaching, handling, or fingering activities; and (6) attending work on a regular basis. (Tr. at 324-27). A similar assessment was provided by Jimmy Whetsell, a physician assistant who worked with Dr.

Sundaresan, in a progress report dated October 14, 2003. Upon examination that day, Whetsell observed that plaintiff had difficulty transferring from a seated position, could not stand for extended periods of time, and had a limited range of motion in her upper extremities due to pain. (*Id.* at 329). Plaintiff also reported difficulties with daily activities, such as attending to her personal hygiene and washing dishes. (*Id.*). After reviewing plaintiff's clinical status, Dr. Sundaresan concluded that she could not perform her job at that time, even in a sedentary capacity. (*Id.*).

The ALJ specifically rejected these opinions, finding that plaintiff could perform her past relevant work. (*See id.* at 19-20). In a thorough and well-reasoned decision, the judge explained why the assessments provided by Dr. Bartel and Dr. Sundaresan were not entirely credible:

> Dr. Bartel completed a residual functional capacity form, dated December 9, 2002, the same day the claimant requested her hearing. There is no evidence that the claimant had seen Dr. Bartel since June 2002. Dr. Bartel performed an electromyography and nerve conduction studies. The computerized report showed that it was normal, but Dr. Bartel's narrative showed longstanding C7 radiculopathy. Dr. Bartel also noted that the magnetic resonance imaging study showed a bulge at C6-C7. A review of the magnetic resonance imaging study showed a reversal of the cervical lordosis, which could be positional or muscle spasm. Dr. Sundarasen's notes of December 10, 2002 state: "The paperwork was filled out for her attorney." Most of the treatment notes of Dr. Bartel and Dr. Sundaresan are with a physician's assistant. Dr. Bartel's (or whoever wrote it) opinion is not supported by the findings and appears to be entirely in support of the claimant's request for benefits and is given little weight.
>
> The claimant apparently received disability until about October 2003. There are notes from the physician's assistant to Dr. Sundaresan that the claimant should continue with conservative treatment and that the claimant could not perform sedentary work. The letter mentions "obvious moderate pain" and the claimant's subjective reports. The examination notes of the same day showed a loss of motion, but there are no reports of the claimant's effort on range of motion. On that day, the claimant knew she was facing a loss of her private disability payments. No prior treatment notes showed any evidence of observations or examinations except for the claimant's obesity.

(*Id.* at 20) (internal citations omitted). This explanation constitutes "good cause" for giving both treating source opinions limited or no credence. Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 404.1527(d)(2), she cited to the applicable regulations and social security rulings and noted that all relevant factors had been considered. (*Id.* at 19). The regulations require only that the Commissioner "apply" the section 1527(d)(2) factors and articulate good reasons for the weight assigned to a treating source opinion. 20 C.F.R. § 404.1527(d)(2). The ALJ need not recite each factor as a litany in every case. Moreover, Dr. Sundaresan's statement that plaintiff is not able to perform even sedentary work is not a medical opinion and, thus, has no special significance. *Id.* § 404.1527(e)(1); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (determination that claimant is "unable to work" is a legal conclusion reserved to Commissioner). No error occurred in this regard.

C.

The ALJ also found that plaintiff's complaints of disabling pain and discomfort were not entirely credible to the extent alleged. (Tr. at 19). This conclusion is consistent with the August 12, 2002 opinion of Dr. Terry Collier, a state agency physician, who determined that plaintiff could perform medium work with only minor postural limitations and noted that her subjective complaints were not fully supported by the medical evidence. (*Id*. at 221-28). It also is consistent with plaintiff's testimony and demeanor at the hearing. When asked to describe her activities during a typical day, plaintiff responded that she helps her five-year-old daughter get ready for school, uses the computer, reads, attends church, and engages in social activities with friends. (*Id.* at 373-75). The ALJ observed that plaintiff appeared comfortable at the hearing. Although plaintiff complained of pain throughout her entire body, the judge noted that she was able to sit, rise, walk, and speak

normally. (*Id.* at 19). This further undermines plaintiff's argument that she is unable to perform her past relevant work.[1]

D.

Nor did the ALJ selectively "pick and choose" only that evidence which supported her decision. To the contrary, the judge fully discussed all the evidence, explained why she discounted the assessments of plaintiff's treating physicians and her subjective complaints of pain, and detailed the reasons for finding that plaintiff had the residual functional capacity to perform her past relevant work. That decision is supported by substantial evidence and consistent with controlling law.

## CONCLUSION

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: August 25, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Contrary to plaintiff's argument, the ALJ did not rely on a "sit and squirm" test to discount her credibility. Instead, the judge considered plaintiff's testimony at the hearing and carefully reviewed the medical evidence before reaching her decision. "While a claimant's demeanor may not be relied upon exclusively to deny benefits, an ALJ may cite to a claimant's demeanor at the hearing if it is clear that the ALJ, as here, considered other factors to deny disability benefits." *Washington v. Barnhart*, 424 F.Supp.2d 939, 959 (S.D. Tex. 2006) (citing cases).